Erb, Appellant, v. Allentown et al.

Argued November 24, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Orrin E. Boyle,* for appellant.

*Henry L. Snyder,* with him *Calvin E. Arner,* for appellees.

OPINION BY MR. JUSTICE DREW, January 5, 1942:

Plaintiff filed a petition for a writ of mandamus directed to the members of council and certain other municipal officials of Allentown, a city of the third class, to compel his reinstatement as Superintendent of Fire. This appeal arises from the refusal by the learned court below to grant the relief prayed for.

On January 10, 1936, council adopted an ordinance completely reorganizing the fire department. Among its provisions was one creating the office of Superintendent of Fire. Plaintiff, who had been a paid fireman for a number of years, was duly appointed to this position. This ordinance was repealed on January 5, 1940, and at the same time a new one was adopted which again fundamentally changed the organization of the department. This latter ordinance provided, inter alia, for the office of Fire Chief, and stated that that official was to be the head of the department. Plaintiff was not appointed to the new position of Fire Chief, however, but was notified to report for duty as a paid fireman. He complains that he cannot thus be reduced in rank from Superintendent to fireman, except for just cause as provided by the Act of May 31, 1933, P. L. 1108.*

The sole question for our determination in whether appellant comes within the protection afforded by that statute. Section 1 provides that after its effective date (July 1, 1933) ". . . no person shall be reinstated, appointed, promoted, demoted or discharged as a paid member of any fire department (*except the chief* and deputy chiefs), regardless of rank or position, in any fire department . . . in any city of the second or third class, in any manner or by any means other than those pre-

---

* Titled "AN ACT Providing for the appointment, promotion, reduction, removal and reinstatement of paid officers, firemen and employes of fire departments and of fire alarm operators and fire box inspectors in the bureaus of electricity in cities of the second and third class; defining the powers and duties of civil service commissions for such purposes; and fixing penalties."

scribed in this act." (Italics added). Plaintiff contends that he does not come within the exception of "the chief and deputy chiefs", because the duties of the Superintendent after January 10, 1936, were different from those of the Chief before that date.

Plaintiff's contention is without merit. The question is not whether his duties were different from those of the Chief before 1936, but whether his duties as Superintendent were such as to bring him within the scope of the word "chief" as used in the exception of the statute. The New English Dictionary (Oxford, 1893) defines the word "chief" as ". . . the head of a body of men, of an organization, state, town, party, office, etc.; . . . the head of any department . . ." It is the word in common usage to designate the head of a fire department. The ordinance creating the office of Superintendent expressly states (section 1) that the Superintendent "shall be the head of the Fire Department", and the record shows that he acted in that capacity. Therefore, plaintiff falls within the meaning of the word "chief" as used in the statute, and is excepted from its provisions.

Plaintiff urges that there are two systems of fire department organization, the "chief" system and the system under which he was Superintendent, and that the legislature intended to except only the head of the department under the "chief" system. The statute fails to indicate any legislative intent to make such a distinction, nor can we conceive of any reason for so doing. It intended to except the head of the department regardless of the type of organization.

Our construction of the statute makes it unnecessary to consider any of the other questions raised.

Judgment affirmed.